**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY JEFFREY CHRISTENSEN,

　　Plaintiff - Appellant,

v.

NATE TAYLOR; JIM WILBERG;
DANIEL MOWER; TYLER JOHNSON;
DUANE BALLANTYNE; KEITH
JENSEN; GREG PETERSON; BRODY
KEISEL,

　　Defendants - Appellees.

No. 19-4139
(D.C. No. 2:17-CV-00992-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

　　Anthony Jeffrey Christensen, pro se, appeals the district court's denial of his motion to file a second amended complaint.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Christensen's notice of appeal also purports to appeal from the district court's orders dismissing his first amended complaint and denying his motions to

## I.  BACKGROUND

Mr. Christensen, jailed and facing charges for murder and other related offenses, sued city and county officials under 42 U.S.C. § 1983.  Granted leave to file a first amended complaint, he alleged the defendants violated his constitutional rights by releasing his personal property, bullying a witness holding his power of attorney, illegally searching and seizing his personal property, denying him counsel to represent him in his civil lawsuits, serving a warrant on him while he was in jail, and engaging in prosecutorial misconduct.  The defendants moved to dismiss.

On September 24, 2018, the district court granted the defendants' motions and dismissed the amended complaint without prejudice.  Shortly thereafter, Mr. Christensen filed two motions to alter or amend the judgment.  On July 31, 2019, while the motions were pending, Mr. Christensen moved to file a second amended complaint.  The court denied the motions to alter or amend.  It also denied the motion to amend as untimely and futile, which Mr. Christensen challenges on appeal.

---

alter or amend.  But because he fails to address any of the grounds for these orders as required under Federal Rule of Appellate Procedure 28(a)(8)(A), he has waived an appellate challenge to these rulings.  "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and quotations omitted).  Where, as here, issues "are not adequately briefed," they "will be deemed waived."  *Id*. at 841 (quotations omitted).

## II.  STANDARD OF REVIEW

"Although leave to amend shall be freely given when justice so requires, whether leave should be granted is within the trial court's discretion." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation and quotations omitted).  "Consequently, a district court's grant or denial of a motion to amend is reviewed for abuse of discretion." *Id.*

## III.  DISCUSSION

Because the defendants had not been served with the original complaint, the district court allowed Mr. Christensen to file an amended complaint "as a matter of course."  Fed. R. Civ. P. 15(a)(1).  But once he filed the amended complaint, he could not amend again "with[out] the opposing party's written consent or the court's leave."  *Id.* 15(a)(2).  The court denied Mr. Christensen's request to file a second amended complaint, stating, "It is hard to imagine what could be more untimely than a motion to amend filed ten months after entry of final judgment."  R. at 643.[2]

"Untimeliness alone may be a sufficient basis for denial of leave to amend." *Las Vegas Ice*, 893 F.2d at 1185; *see also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) ("[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness'

---

[2] The district court also denied Mr. Christensen's request because his "proposed amended complaint [did] not cure the deficiencies of the original complaint."  R. at 643.  Mr. Christensen, however, fails to address the issue of futility and the issue is therefore waived.  *Garrett*, 425 F.3d at 840 (quotations omitted).

or 'undue delay.'").  The district court did not abuse its discretion in denying the motion as untimely.

For the first time on appeal, Mr. Christensen argues he has "'[n]ew information'" to support a second amended complaint.  Aplt. Opening Br. at 10.  This "new information," however, is not new factual information.  It concerns several Utah statutes that were in effect when Mr. Christensen filed suit.  He failed to present them to the district court.  As such, Mr. Christensen has forfeited any argument concerning the Utah statutes.  Because he has not argued for plain error review, the issue is waived.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

## IV.  **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

4